## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHNNY WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 03-511-DRH** |
| | ) | |
| **ROGER E. WALKER, MARK PIERSON,** | ) | |
| **WARDEN FLAGG, MAJOR BETTS,** | ) | |
| **SUPT. COWAN, LT. ROBINSON,** | ) | |
| **BRETT KLINDWORTH,** | ) | |
| **C/O LAWRENCE, C/O WECE,** | ) | |
| **LINDA FRITTS and** | ) | |
| **COUNSELOR KELLERMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he was not required to pay an initial partial filing fee.  In this action, Plaintiff complains about a series of events that occurred while he was in the Pinckneyville Correctional Center.  He presents the Court with two pages of detailed chronology, and he then lists eight separate claims arising from this events.  Each of these eight claims is discussed below.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## CLAIM 1

Plaintiff's first claim is that on April 8, 2003, Defendant Lawrence slammed the chuck hole door on his hand, breaking his finger.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7.  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort

- 2 -

'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this claim against Lawrence at this time.

## CLAIM 2

Plaintiff alleges that Defendant Robinson threatened and harassed him in retaliation for Plaintiff's grievances about Robinson. This harassment allegedly included the writing of a false disciplinary ticket.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this claim against Robinson at this time.

## CLAIM 3

In this claim, Plaintiff alleges that Defendants Fritts and Kellerman failed to perform their duties in not properly processing his grievances. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.

- 3 -

*Maust v. Headley,* 959 F.2d 644, 648 (7ᵗʰ Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7ᵗʰ Cir. 1982).

Therefore, this claim against Fritts and Kellerman is dismissed from this action with prejudice.

## CLAIM 4

Plaintiff next alleges that Defendant Klindworth violated his constitutional rights by not providing a fair adjustment committee hearing.  However, the complaint does not specify when this hearing took place, nor what the charges were, nor what the outcome was.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In this case, Plaintiff makes no allegations that he was denied any protected liberty interest. Therefore, he has not stated a claim upon which relief may be granted, and this claim against Klindworth is dismissed from this action with prejudice.

## CLAIM 5

Plaintiff next alleges that Defendant Wece violated his constitutional rights by writing him a false disciplinary ticket.  However, as in Claim 4, Plaintiff makes no allegations that he was denied any protected liberty interest.  Therefore, he has not stated a claim upon which relief may be granted, and this claim against Wece is dismissed from this action with prejudice.

## CLAIM 6

In this claim, Plaintiff alleges that Defendants Pierson, Flagg, Betts and Cowan failed to do their job, in that they failed to prevent staff from violating Plaintiff's rights.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

At best, Plaintiff has alleged that Defendants were negligent in performing their jobs, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Therefore, this claim against Pierson, Flagg, Betts and Cowan is dismissed from this action with prejudice.

## CLAIM 7

Plaintiff next claims that Defendant Walker violated his constitutional rights by revoking 150 days of good time credit over a 12-month period. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d

1203 (Ill.App. 1981).  *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94

(N.D. Ill. 1982).  The State of Illinois must first be afforded an opportunity, in a mandamus action

pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.

> Therefore, this claim against Walker is dismissed from this action with prejudice.

## CLAIM 8

> Plaintiff's final claim is that staff at Menard, including the warden and his counselor, did not

move him to a different cell, despite his complaints that he was being raped by his cell mate on a

daily basis.

> In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials

have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal

citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997).  However, not every

harm caused by another inmate translates into constitutional liability for the corrections officers

responsible for the prisoner's safety.  *Farmer,* 511 U.S. at 834.  In order for a plaintiff to succeed

on a claim for failure to protect, he must show that he is incarcerated under conditions posing a

substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that

danger.  *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999).  A plaintiff also must prove that

prison officials were aware of a specific, impending, and substantial threat to his safety, often by

showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,*

86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial

risk that those who attacked Plaintiff would do so, yet failed to take any action.  *Sanville v.*

*McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

> Plaintiff does not mention any specific defendants by name in connection with this final

claim.  However, in the portion of the complaint where he identifies defendants, he refers to Pierson and Flagg as wardens, and to Fritts and Kellerman as counselors.  Therefore, at this time, the Court and all parties will consider this claim to be made against all four of these individuals and, based on the standards set forth above, the Court is unable to dismiss this claim at this point in the litigation.  *See* 28 U.S.C. § 1915A.

<u>DISPOSITION</u>

**IT IS HEREBY ORDERED** that **CLAIM 3, CLAIM 4, CLAIM 5, CLAIM 6** and **CLAIM 7** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BETTS, COWAN, KLINDWORTH, WALKER** and **WECE** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **FLAGG, FRITTS, KELLERMAN, LAWRENCE, PIERSON** and **ROBINSON**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **FLAGG, FRITTS, KELLERMAN, LAWRENCE, PIERSON** and **ROBINSON** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

- 8 -

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   June 6, 2005**


/s/     David RHerndon
**DISTRICT JUDGE**