IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHNNY HOWARD WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **03-511-DRH** |
| ) | |
| **MARK PIERSON, JULIUS FLAGG,** ) | |
| **KENNETH ROBINSON,** ) | |
| **BYRON LAWRENCE, LINDA FRITTS,** ) | |
| **and JEANETTE KELLERMAN,** ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court are two motions for summary judgment, as follows:

- Motion for Summary Judgment filed by defendants Julius Flagg, Kenneth Robinson, Byron Lawrence, and Linda Fritts **(Doc. 15)**; and

- Motion for Summary Judgment filed by defendants Mark Pierson and Jeanette Kellerman **(Doc. 20)**.

Defendants filed Memoranda in Support. **(Docs. 16 and 21)**. Both motions are supported by affidavits. The notices required by *Lewis v. Faulkner*, **689 F.2d 100 (7th Cir. 1982)** were served on plaintiff. **(Docs. 17 and 22)**. Plaintiff has not responded to either motion, and the time for doing so has expired.

Defendants seek judgment because plaintiff failed to exhaust his administrative remedies.

### Nature of Plaintiff's Claim

At the time suit was filed, plaintiff is a prisoner in the custody of the Illinois Department of Corrections. He has since been released from prison. See, Docs. 5 and 6. Plaintiff brings this suit under **42 U.S.C. §1983**. On preliminary review, the Court divided plaintiff's claim into 8 counts and dismissed 5 of them. The following counts are pending:

Count 1, against Lawrence, for excessive force on April 8, 2003;

Count 2, against Robinson for retaliation;

Count 8, against Pierson, Flagg, Fritts, and Kellerman, for failing to move him to a different cell despite his complaints that he was being raped by his cellmate.

In their memorandum, defendants state that plaintiff also set forth a claim that Robinson took his legal papers away on May 5; they refer to this claim as Count 9. See, Doc., 16

### The Exhaustion Requirement

Defendants contend that plaintiff failed to exhaust his administrative remedies before filing suit on August 11, 2003.

Plaintiffs' claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not

jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy.  Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case.  **See 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.**   The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  ***Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002)**.

The Seventh Circuit has recently reiterated that exhaustion must occur *before* suit is filed.  ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).**  Exhaustion requires that a prisoner "properly take each step within the administrative process."  ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.**  In summary, these regulations provide that the inmate submits his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Office (*i.e.*, the warden).  The warden responds in writing of his decision.  If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB).

Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal.  ***Pozo,* 286 F.3d at 1024.**

## Analysis

The fact that plaintiff is no longer a prisoner is irrelevant. For purposes of the exhaustion requirement, the Court must look to plaintiff's status at the time suit was filed. As he was a prisoner at Pinckneyville Correctional Center at the time suit was filed, Section 1997(e)(a) applies. **Dixon v. Page, 291 F.3d 485, 488-489 (7th Cir. 2002)**; **Witzke v. Femal, 376 F.3d 744 (7th Cir. 2004).**

In support of both motions, defendants have filed the affidavit of Sherry Benton, Chairperson of the Office of Inmate Issues. See, Exhibit 1 attached to Docs. 16 and 21. The affidavit states that Ms. Benton has searched the records of the ARB and that plaintiff has not exhausted the grievance procedure with respect to any of the claims set forth in his complaint.

As plaintiff has not filed anything to refute the statements made in Ms. Benton's affidavit, the Court accepts the truth of those statements. **Fed.R.Civ.P. 56(e).**

Because plaintiff failed to exhaust administrative remedies before filing suit, his case must be dismissed. The dismissal must be without prejudice, per **Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).**

## Recommendation

For the foregoing reasons, it is this Court's recommendation that defendants' Motions for Summary Judgment **(Docs. 15 and 20)** be **GRANTED**.

All of plaintiff's pending claims should be dismissed without prejudice.

Objections to this Report and Recommendation must be filed on or before **February 2, 2006.**

**Submitted:  January 13, 2006.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**