IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY HOWARD WILLIAMS,**

**Plaintiff,**

**v.**

**ROGER WALKER et al.,**

**Defendant.**                                        **No. 03-CV-511-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

On August 11, 2003 Plaintiff Johnny Howard Williams ("Plaintiff"), then an inmate, filed a **42 U.S.C. § 1983** action alleging that various prison officials violated his civil rights. (Doc. 1.) On June 6, 2005, this Court dismissed several of Plaintiff's claims. (Doc. 7.) Now, just three remain: a claim against Defendant Lawrence for excessive force; a claim against Defendant Robinson for retaliation; and a claim against Defendants Pierson, Flagg, Fritts, and Kellerman for failure to move him to a new cell.[1] (*Id.*)

### II. Analysis

This matter comes before the Court on a Report and Recommendation (the "Report") filed by Magistrate Judge Clifford J. Proud on January 13, 2006

---

[1] The Court has identified these claims as Counts 1, 2, and 8. Defendants additionally suggest that an additional claim remains, which they identify as Count 9. (Doc. 16.)

pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 23.) The Report concerns two motions for summary judgment filed by Defendants. (Docs. 15, 20.) Judge Proud recommends that these motions be granted. (Doc. 23.) Because Plaintiff timely objects (Doc. 24), this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**.

### A. Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex*, **477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *Celex Group, Inc. v. Executive Gallery, Inc.*, **877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant.

*Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998)** (citing *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. *Walker v. Shansky*, **28 F.3d 666, 670-71 (7th Cir. 1994)**, *aff'd*, **51 F.3d 276** (citing *Celotex*, **477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson*, **477 U.S. at 249-50** (citations omitted); *accord* *Starzenski v. City of Elkhart*, **87 F.3d 872, 880 (7th Cir. 1996)**; *Tolle v. Carroll Touch, Inc.*, **23 F.3d 174, 178 (7th Cir. 1994)**. "[P]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." *Weeks*, **126 F.3d at 939**. Further, Plaintiff's own subjective belief does not create a genuine issue of material fact. *Chiaramonte v. Fashion Bed Group, Inc.*, **129 F.3d 391, 401 (7th Cir. 1997)**.

### B.   Exhaustion of Remedies

Pursuant to **42 U.S.C. § 1997e(a)**, "No action shall be brought with respect to prison conditions under **section 1983** of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of

administrative remedies is a precondition to suit, and is required before a suit can be brought. ***Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535-36 (7th Cir. 1999)**. It "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 534 U.S. 516, 532 (2002)**. Exhaustion must occur before a suit is filed, ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)**, and requires that prisoners "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.[2]

In Illinois, the prisoner-grievance system is laid out in **Ill. Admin. Code tit. 20, § 504.800 et seq.** The regulations therein provide that an inmate must submit her grievance to a grievance officer, who then makes a written report to a Chief Administrative Officer. That individual issues a written decision. If the grievance is denied, the inmate has thirty days in which to file an appeal with the Administrative Review Board ("ARB"). ***Id.***

### C. Defendants' Motions/Plaintiff's Objection

Defendants filed two motions for summary judgment, on August 11, 2005 and November 18, 2005. (Docs. 15, 20.) In those motions, Defendants state that Plaintiff failed to exhaust his administrative remedies and, as such, his suit is

---

[2] The Court must look to Plaintiff's status at the time his suit was filed. ***Wizke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004)**. Because Plaintiff was a prisoner at that time, **section 1997e(a)** applies here.

improper. Specifically, Defendants claim that Plaintiff failed to complete the appeals process with the ARB. (*Id.*) In support of these statements, Defendants submit an affidavit from Sherry Benton, Chairperson of the Office of Inmate Issues for the Illinois Department of Corrections ("IDOC"). (Doc. 16, Benton Aff.; Doc. 21, Benton Aff.) Benton confirms that Plaintiff failed to complete the appeal process with regard to any of his claims currently before the Court. (*Id.*)

Plaintiff did not to respond to either of Defendants' motions for summary judgment within the allotted time. **S.D. Ill. L.R. 7.1(c)**. Nor did he file a motion seeking to extend his response time. Instead, he waited until after Judge Proud issued his Report, and then filed a short, eight-sentence objection denying that he failed to exhaust his administrative remedies. (Doc. 24.) Along with his objection, Plaintiff submitted two personal letters from IDOC officials, which he claims support his position. (*Id.*)

The Court finds that this filing does not give rise to a genuine issue as to whether Plaintiff failed to exhaust his administrative remedies. To begin with, Plaintiff failed to contest Defendants' motions for summary judgment until well after his time to respond had expired. **Local Rule of the Southern District of Illinois 7.1(c)** provides that parties have thirty days in which respond to motions for summary judgment. ***Id.*** Plaintiff's objection was filed just this month — more than five-and-a-half and two-and-a-half months after Defendants' submitted their respective motions, and after Judge Proud had already issued his Report addressing

these motions. Due to this late filing — which was characterized by Plaintiff as an objection to Judge Proud's Report, not a response to Defendants' summary-judgment motions — and due to the fact that Plaintiff has provided no valid reason or excuse for his failure to respond,[3] the Court declines to construe Plaintiff's objection as a timely response to Defendants' motions for summary judgment. Defendants' motions and affidavit, accordingly, are uncontested, leaving no genuine issue as to whether Plaintiff exhausted his administrative remedies. **FED. R. CIV. P. 56(e)**.[4]

Even if the Court were to construe Plaintiff's objection as a timely response to Defendants' motions, moreover, neither that objection nor the letters Plaintiff has filed with it raises a genuine issue as to whether Plaintiff exhausted his administrative remedies. If anything, in fact, the letters bolster Defendants' arguments. The first letter is from Rick Orr, an IDOC official. It establishes nothing more than that Orr believes Plaintiff's grievances are without merit and that he is unaware of any grievance that Plaintiff has filed with the ARB.[5] (Doc. 24, attach.)

---

[3] To the extent Plaintiff's objection can be read to offer an excuse for his failure to respond, the Court considers that excuse below.

[4] "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." **FED. R. CIV. P. 56(e)**.

[5] In pertinent part, the letter states that "*if* you have filed a grievance with the [ARB], I urge you to be patient and await their decision." (Doc. 24, attach. (emphasis added).)

The second letter, signed by Nancy S. Tucker of the ARB's Office of Inmate Issues, is even more damaging. As Ms. Tucker writes, "[t]his office has no record of receiving a grievance from [Plaintiff] regarding either of the above listed issues. [Plaintiff] has not pursued these issues through the Pinckneyville grievance process in accordance with established Departmental Rules." (*Id.*) As this language indicates, this letter documents Plaintiff's failure to complete the IDOC grievance procedures. It does not, in any way, suggest that Plaintiff properly exhausted his administrative remedies. For this reason, and because nothing else in Plaintiff's eight-sentence objection establishes the existence of a genuine issue as to his failure to exhaust, no issue of fact would remain even if Plaintiff's objection were construed as a timely response to Defendants' motions.

One final matter remains. In his objections on Plaintiff's behalf, Plaintiff's attorney H. Kent Heller states that "Plaintiff has requested that filings and electronic correspondence be sent to his counsel. Despite these requests, documents were sent directly to the Plaintiff." (Doc. 24.) Heller also states that "Plaintiff seeks, through counsel, that all notices be given to his counsel and that counsel have 14 days to make further responses as is appropriate." (*Id.*) Because Heller does not specify which documents and notices he did not receive, nor who — the Court or Defendants — was responsible for improperly sending these documents directly to Plaintiff instead of his attorney, the Court is unclear about what, exactly, these statements are intended to imply. Nonetheless, the Court presumes that since Heller uses the words "filings," "electronic correspondence," and "notices," he means to

suggest that this Court somehow neglected to send him copies of relevant documents and notices, and thus that Plaintiff's failures to respond to Defendants' motions should be excused.[6]

To the extent that is Heller's implication, the Court both disagrees and refuses to excuse Plaintiff's failures to respond on this ground. To begin with, contrary to his obligations under this District's Local Rules, Heller has neglected to file a notice of appearance with the Court in this matter. **S.D ILL. L.R. 83(f)**.[7] Furthermore, the Court has no record of Heller's representation of Plaintiff before the date on which Plaintiff's objection was filed, February 2, 2006. Prior to filing his objection, that is, Plaintiff filed only four documents with the Court: the complaint (Doc. 1); a motion to proceed in forma pauperis (Doc. 2); and two notices providing new addresses (Docs. 3, 6.).[8] All four of these documents are handwritten and appear to have been completed by Plaintiff himself. None bear Heller's — or any other lawyer's — name, address, or contact information, or contain any suggestion that Plaintiff was, in fact, represented by counsel. (*See* Docs. 1, 2, 3, 6.) If Heller indeed represented Plaintiff when Defendants' motions for summary judgment were

---

[6] The Southern District of Illinois uses an electronic filing system. Pursuant to that system, parties file all relevant documents with the Court, and the Court then sends electronic notices of these filings to opposing counsel.

[7] "In all cases filed in, removed to, or transferred to this court, all attorneys, including government attorneys, shall file a written entry of appearance before addressing the court." **S.D. ILL. L.R. 83(f)**.

[8] In the latter of these motions, Plaintiff indicates that "any correspondence should be mailed to my new address." (Doc. 6.)

filed, the Court had no way of knowing it.[9]

Given these circumstances, if Heller means to suggest that he expected the Court to send him, as opposed to his client, filings and notices related to this case, the Court is perplexed as to Heller's expectations. Had he — as he is required to — entered an appearance and notified the Court of his status as Plaintiff's counsel, he would have received copies or notices of all relevant documents. He did not do so. Consequently, this Court cannot excuse Plaintiff's failure to respond.

### III. Conclusion

Therefore, for the reasons set forth above the Court **ADOPTS** Judge Proud's Report (Doc. 23), **GRANTS** Defendants' motions for summary judgement. (Docs. 15, 20), and **DISMISSES without prejudice** Plaintiff's action.

**IT IS SO ORDERED**.

Signed this 21st day of February, 2006.

/s/      David   RHerndon
**United States District Judge**

---

[9] Heller states that he has made "requests" that documents be sent to him, as opposed to his client. (Doc. 24, p. 1.) The Court is aware of no such requests, and notes that no requests appear in the record.